# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

E. JEAN CARROLL,

        *Plaintiff-Appellee*,

    v.

DONALD J. TRUMP,

        *Defendant-Appellant*.

No. 26-1840

## BRIEF OF PLAINTIFF-APPELLEE E. JEAN CARROLL IN OPPOSITION TO MOTION FOR ADMINISTRATIVE STAY

Plaintiff-Appellee E. Jean Carroll ("Carroll") respectfully submits this memorandum in opposition to Defendant-Appellant Donald J. Trump's emergency motion for an immediate administrative stay pending appeal from the district court's (Kaplan, J.) order directing disbursement of funds held in the Court Registry Investment System. Dkt. No. 8 ("Mot.").

**INTRODUCTION**

This is Donald Trump's seventh appeal in these related cases, and his fifth motion for a stay from this Court. At every step, he has dragged out the proceedings, filed meritless appeals, and, in the words of the district court, "slow-rolled his defenses, asserting or inventing a new one each time his prior effort to delay the case fails." *Carroll v. Trump*, 590 F. Supp. 3d 575, 587 (S.D.N.Y. 2022) (Kaplan, J.).

On June 29, 2026, the United States Supreme Court denied, without dissent, Defendant Trump's petition for a writ of certiorari—a final outcome that, as the Parties agreed and the district court expressly ordered, entitles Carroll to "collect any moneys owed by Defendant to Plaintiff." Appx. 18, Stipulation and Order dated June 23, 2023 ("Stipulation and Order") ¶ 8. But rather than accept that he has lost and move on, Defendant remarkably asks this Court to *further* delay payment of the judgment that Carroll was awarded in 2023, on the spurious grounds that he has asked the Supreme Court to reconsider its denial of his petition and is thereby

1

seeking an extraordinary type of relief that, as this Court knows, is practically never granted.

It is time for this case to come to an end. After a nine-person jury unanimously found Defendant liable for sexual abuse and defamation, the district court denied his motion for a new trial and entered judgment for Carroll. A unanimous Second Circuit panel affirmed and the full Court declined to reconsider that decision *en banc*. And now, the Supreme Court has declined President Trump's invitation to review this Court's judgment.

Defendant's latest appeal does not present "weighty issues." Mot. at 5. Indeed, Defendant does not even try to establish likelihood of success, wrongly stating that "[a]n administrative stay does not require any assessment of the merits of the appeal or of the stay motion." Mot. at 5 (citing *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J.), which proceeds to recognize the four-factor *Nken* test that looks to, among other things, likelihood of success on the merits). Defendant is wrong on the merits in any event, as Carroll explained in her briefing below, and as the district court held in its memorandum and order issued today. Simply put, the parties agreed to disburse the funds following denial of certiorari based on the plain language of the Stipulation and Order.

Moreover, Defendant will not be "irreparably harmed" by an order disbursing the funds awarded to Carroll in 2023. This Court has "long held that an injury

2

compensable by money damages is insufficient to establish irreparable harm." *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010) (rejecting argument that release of funds from escrow constituted irreparable harm). And contrary to Defendant's assertions in his motion, Carroll intends to use the money from this Judgment to fund her retirement and to that end will place the award in an interest-bearing account (where it will be held over the coming years).

After four years of litigation across every level of the federal court system, Defendant is out of time and he can no longer delay paying Carroll the money she is owed. Defendant's emergency motion should be denied.

## BACKGROUND

On May 9, 2023, a nine-person jury returned a unanimous verdict finding that Donald Trump sexually abused E. Jean Carroll in 1996 and that he defamed her in October 2022 during periods when he was a private citizen. *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y.) ("*Carroll II*"), ECF No. 174. The jury awarded Carroll a total of $5 million in compensatory and punitive damages. *Id.*

The district court entered judgment on the jury's unanimous verdict on May 11, 2023. *Carroll II*, ECF No. 178. That same day, Defendant filed a notice of appeal to this Court, challenging several of the district court's evidentiary rulings among other things. *Carroll II*, ECF No. 179. He thereafter also moved for a new trial and remittitur of the jury's damages award. *Carroll II*, ECF Nos. 183, 184.

The Federal Rules of Civil Procedure automatically stay execution of a money judgment for 30 days, after which the stay dissolves and a plaintiff is presumptively entitled to enforce the judgment even pending appeal. Fed. R. Civ. P. 62(a). However, on June 23, 2023—while his appeal was pending—the parties submitted a joint stipulation that would govern the use of a cash deposit into the registry of the district court as security in lieu of a supersedeas bond, which the district court so-ordered on the same date. *Carroll II*, ECF No. 209 (Stipulation and Proposed Order); *Carroll II*, ECF No. 210 (Stipulation and Order).

Per the terms of that Stipulation and Order, Defendant's then-counsel, Tacopina, Seigel & DeOreo, deposited $5,550,000.00 into the district court's registry on June 28, 2023. *Carroll II*, Minute Order, June 28, 2023. The Parties agreed—and the district court ordered—that this amount would "serve as 'other security'" pursuant to Federal Rule of Civil Procedure 62(b), *Carroll II*, ECF No. 210 ¶ 3, thereby establishing a stay that "remains in effect for the time specified in the … other security," Fed. R. Civ. P. 62(b). Of particular relevance here, the Stipulation and Order provides that:

> After the latest of (a) the mandate issued by the Second Circuit in connection with the Appeal; (b) a denial of a timely filed petition for writ of certiorari to the Supreme Court (if any) in connection with the Appeal; or (c) upon the Supreme Court's granting of certiorari, an order of the Supreme Court in connection with the Appeal, Plaintiff may collect any moneys owed by Defendant to Plaintiff under the terms of the Judgment, as may be modified on

4

> appeal or court order, from the amount deposited with the Court by Defendant, inclusive of any interest earned on such funds less any fees.

Stipulation and Order ¶ 8. Paragraph 9 further provides that "[c]ollection by Plaintiff of the funds held by the Court may be accomplished by means of a motion or a stipulation and order…." *Id.* ¶ 9.

On July 19, 2023, in a fifty-nine-page memorandum opinion, the district court denied Defendant's motion for a new trial. *Carroll II*, ECF No. 212. Defendant filed an amended notice of appeal the same day, seeking a new trial in addition to challenging the district court's evidentiary rulings. *Carroll II*, ECF No. 213.

This Court affirmed the district court's Judgment and Memorandum Opinion Denying Defendant's Rule 59 Motion, on December 30, 2024, finding that the district court "did not abuse its discretion in making any of the challenged evidentiary rulings." *Carroll v. Trump*, 124 F.4th 140, 178 (2d Cir. 2024) (*per curiam*). The panel held in the alternative that, even assuming the district court had in any way erred—"a proposition [the panel] rejected"—"taking the record as a whole and considering the strength of Ms. Carroll's case," no "claimed error or combination of errors … affected Mr. Trump's substantial rights." *Id.* On June 13, 2025, this Court denied rehearing *en banc*, 141 F.4th 366 (2d Cir. 2025), after which Defendant filed a petition for a writ of certiorari on November 10, 2025. On June 29, 2026, more than three years after the jury reached its verdict, the Supreme Court

5

of the United States denied his petition for certiorari. *Trump v. Carroll*, No. 25-573, ___ S. Ct. ___, 2026 WL 1855059 (June 29, 2026).

Following the Supreme Court's denial, Defendant made a post on Truth Social that same morning in which he yet again continued his stream of defamatory attacks on Carroll:



> **Donald J. Trump** 
> @realDonaldTrump
>
> Surprisingly, the Supreme Court declined to "review" a Fake Case brought against me by a woman I never met (Decades old celebrity photo line, standing with her husband, does not count!). I will continue the fight against this Weaponization and Lawfare Case against me, including the ridiculous claim of Defamation, with all of my power and strength. This Case is really against the United States of America, and all it stands for, and should never be allowed to happen to another President, or Candidate to be! New York State created a Law, for an instant speck of time, going back many decades, in order to wrongfully "nab" me. It was tailormade, and this Injustice cannot be allowed to stand! Thank you for your attention to this matter. President DONALD J. TRUMP
>
> **5.36k** ReTruths  **22.4k** Likes              Jun 29, 2026, 11:16 AM

He also promised to "continue the fight against this Weaponization and Lawfare Case against [him] … with all of [his] power and strength." @realDonaldTrump, Truth Social (Jun. 29, 2026, 11:16 AM), https://truthsocial.com/@realDonaldTrump/posts/116834055569312013.

Within minutes of that Truth Social post, Defendant's counsel contacted Carroll's undersigned counsel to inquire whether Carroll would consent to a further

stay of enforcement of the judgment in this action so that Defendant can ask the Supreme Court to reconsider its denial of certiorari in her case.[1] Counsel for Carroll explained that Paragraph 8 of the Stipulation and Order provided for disbursement of the award owed to Carroll immediately upon denial of a petition for certiorari, and counsel for Defendant clarified that he was requesting that Carroll consent to a "new stay or continuance" of execution. That afternoon, Carroll's undersigned counsel notified Defendant's counsel that Carroll does not consent and inquired whether Defendant would agree to stipulate to the immediate disbursement of the funds owed to Carroll.

The next day, Carroll filed a Motion for Disbursement of Funds from the Court's Registry Investment System, citing the plain language of the governing Stipulation and Order, *Carroll II*, ECF No. 233, which Defendant opposed, *Carroll II*, ECF No. 240. On July 8, 2026, Defendant filed with the Supreme Court a petition for rehearing. *Trump v. Carroll*, No. 25-573 (July 8, 2026).

After considering Defendant's opposition, in which Defendant thoroughly explained his position on the merits, the district court today ordered the disbursement of the principal Judgment, $5,000,000, and the value of the post-judgment interest,

---

[1] Not content with seeking the extraordinary remedy of rehearing in this case, Defendant has also announced that he plans to ask the Court to reconsider its recent decision regarding the Citizenship Clause. *See* Dan Mangan, Trump Announces Long-Shot Bid to Get Supreme Court to Rehear Birthright Citizenship Case (Jul. 8, 2026), https://www.cnbc.com/2026/07/08/trump-supreme-court-birthright-citizenship-rehearing.html.

from the Court's Registry Investment System. *Carroll II*, ECF No. 241. This "emergency" appeal followed.

At 7 p.m. this evening, the district court entered a six-page memorandum and order "briefly summariz[ing]" its reasons for granting Carroll's motion. *Carroll II*, ECF No. 243 ("Attachment 1"). The district court explained that the "plain language" of the Stipulation and Order "states that certiorari having been denied… plaintiff now is entitled to be paid," and that Defendant's argument otherwise "in effect ask[ed] the Court to redraft [the Stipulation and Order] in his favor." *Id.* The district court further explained that not only has Defendant been "stalling this case for years," but disbursement of funds "would not cause defendant any irreparable harm." *Id.*

## ARGUMENT

The four "stay factors" are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Mahdawi v. Trump*, 136 F.4th 443, 449 (2d Cir. 2025). "The first two factors are the most critical." *Id.*; *see also Hassoun v. Searls*, 976 F.3d 121, 130 n.5 (2d Cir. 2020) ("[A]n appellate court's power to hold an order in abeyance while it assesses

8

the legality of the order" is constrained by the four factors that govern the issuance of a stay." (cleaned up)).  Each of these factors cuts against a stay.

First, Defendant has not made any showing as to the merits, let alone a "strong showing."  *Mahdawi*, 136 F.4th at 449.  While Defendant argues an administrative stay does not "require any assessment of the merits of the appeal or of the stay motion," citing Justice Barrett's concurring opinion in *United States v. Texas*, Justice Barrett in fact explained that "the *Nken* factors are obviously on the court's radar" and that judges may consider the merits when ruling on an application such as this. 144 S. Ct. 797, 798 (2024).

Try as he might, Defendant cannot avoid the merits, which weigh decisively against his motion.  The Stipulation and Order provides that the funds should be disbursed upon "*a* denial" of certiorari, which has indisputably occurred.  Stipulation and Order ¶ 8 (emphasis added).[2]  Indeed, the only further extension contemplated in the Stipulation and Order was if the Supreme Court *granted* certiorari.  *See id.* That did not happen.

Defendant's petition for rehearing does not change anything.  The Supreme Court's Rules are clear that an "order of denial [of certiorari] will not be suspended

---

[2] In the district court, Defendant offered no response whatsoever to Carroll's argument that Paragraph 8 allows her to collect on the Judgment upon "*a* denial of a petition for writ of certiorari," thus contemplating that once the Supreme Court denied a petition by Defendant, payment would be due.  While Defendant is of course free to file a frivolous motion for a rehearing of the denial of his petition— and might even try to do so over and over again—that does not mean that Carroll is required to wait for Defendant to literally exhaust the legal system.

pending disposition of a petition for rehearing except by order of the Court or a Justice." Sup. Ct. R. 16.3. Nor is there any practical or equitable reason to delay disbursement based on the mere theoretical possibility of rehearing. The Supreme Court grants certiorari in only a handful of cases each year, and rehearing is an even more extraordinary remedy, granted in only narrow circumstances. *Cf.* Sup. Ct. R. 44.2 (limiting motion to "intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented"); *see also* Stephen M. Shapiro, et al., *Supreme Court Practice*, Ch. 15 (11th ed., 2019) ("[T]he plain fact is that the Supreme Court seldom grants a rehearing of any kind of order, judgment, or decision.").

Second, disbursing the judgment will not work any "irreparable injury" on Defendant. Fundamentally Defendant objects to the payment of money, which is not an irreparable harm. *See, e.g.*, *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990) ("As we have noted, it is settled law that when an injury is compensable through money damages there is no irreparable harm."); *United States v. Paccione*, 914 F. Supp. 1037, 1039 (S.D.N.Y. 1996). While Defendant posits that Carroll intends to disperse the funds to third parties, that is not true. In fact, Carroll plans to use the money from this Judgment to fund her retirement, and will place the award in an interest-bearing account until Defendant's petition for rehearing is

10

denied.[3] This alone is sufficient basis to deny Defendant's present application. *State of New Jersey v. U.S. Dep't. of Transp.*, 2026 WL 696286, at *1 (2d Cir. Mar. 11, 2026) ("[B]ecause DOT fails to show the irreparable injury required to secure a stay pending appeal, its motion is properly denied on that ground.").

Even if Defendant were correct, that would not establish irreparable harm. In *CRP/Extell Parcel I, L.P. v. Cuomo*, for instance, this Court rejected arguments that bear a striking resemblance to those that Defendant has advanced here. There, the appellant argued that it would suffer irreparable harm because it would be "unquantifiably difficult" to recover certain escrow payments after they were made, since "the recipients of the escrow monies will 'spend' whatever payments they receive, and could subsequently become insolvent, rendering any ultimate victory Pyrrhic." 394 F. App'x 779, 781 (2d Cir. 2010). This Court rejected those contentions, calling them "conclusory" and "[in]sufficient to establish irreparable harm in this case." *Id.*; *see also Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 22 Civ. 7503 (PKC), 2023 WL 5803567, at *3 (S.D.N.Y. Sept. 7, 2023) (concerns that funds may be "immediately distributed" were "insufficient for the Court to conclude the money judgment against [defendant] is an exception to the general rule that the economic harm of making payment on a judgment is not an irreparable injury").

---

[3] Indeed, the articles that Trump cited below referred to Carroll's intended use of the *separate*, $83 million judgment that she obtained against Trump in the related case. Trump's petition for a writ of certiorari in that case is forthcoming; his petition for review of this case has been denied.

Third, requiring Carroll to endure further delay while Defendant seeks rehearing would be profoundly unfair. As the district court has recognized, Defendant "should not be permitted to run the clock out on plaintiff's attempt to gain a remedy for what allegedly was a serious wrong," especially given that "both plaintiff and defendant … already are of advanced age." *Carroll v. Trump*, 635 F. Supp. 3d 229, 237 (S.D.N.Y. 2022). After significant victories across every level of the federal judiciary, it is time for Carroll, who is 82, to receive the verdict awarded to her by a unanimous jury in 2023.

Fourth, as this Court previously recognized, granting a stay and permitting further delay would not only injure Carroll, but be counter to the public interest. *See Carroll v. Trump*, 24-644, Dkt. 126 (2d Cir.) ("Appellee will be injured by further delay in this matter…[and] on balance, the public interest would not be served by further delay."). That remains true. There "is a public interest in having plaintiffs who might be entitled to recovery receive compensation while still living and able to use it to improve the quality of their lives." *In re WTC*, 503 F.3d at 170-71. More generally, "there is a public interest in finality" of litigation that supports the denial of a stay. *Barretta v. Wells Fargo Bank, N.A.*, 693 F. App'x 26, 28 (2d Cir. 2017); *Victorinox AG v. The B & F Sys., Inc.*, 2015 WL 9256944, at *7 (S.D.N.Y. Dec. 15, 2015), a*ff'd sub nom. Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44 (2d Cir.

12

2017) *as amended* (Oct. 4, 2017) ("The public pays a price when litigants use up the courts' time with gamesmanship and repetition.").

\*　　　\*　　　\*

Defendant has now lost before a unanimous jury, the district court, a unanimous circuit panel, the full Second Circuit, which denied rehearing *en banc*, and the Supreme Court of the United States. He agreed—in a signed stipulation— that Carroll could collect her judgment once certiorari was denied. Carroll has waited more than three years for a jury's verdict to be paid. She should not have to wait any longer.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied.

13

Dated: July 8, 2026
     New York, New York

Respectfully submitted,

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan
D. Brandon Trice
Maximilian T. Crema
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, New York 10036
(212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com
mcrema@kaplanmartin.com

*Counsel for Plaintiff-Appellee*

# CERTIFICATE OF COMPLIANCE

This brief complies with the length limits requirements of Fed. R. App. P. 27(d)(2)(A) because this brief contains 3,036 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in size 14 Times New Roman font.

Dated:  July 8, 2026

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF SERVICE

I, Roberta A. Kaplan, counsel for Plaintiff-Appellee and a member of the Bar of this Court, certify that, on July 8, 2026, a copy of the attached brief of Plaintiff-Appellee in opposition to emergency motion for a stay pending appeal was filed with the Clerk through the Court's electronic filing system.

Dated:  July 8, 2026                                  */s/ Roberta A. Kaplan*
                                                            Roberta A. Kaplan

                                                            *Counsel for Plaintiff-Appellee*

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E. JEAN CARROLL,

                              Plaintiff,


            -against-                                22-cv-10016 (LAK)


DONALD J. TRUMP,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/8/2026___

## MEMORANDUM AND ORDER REGARDING
## MOTION FOR DISBURSEMENT OF FUNDS


LEWIS A. KAPLAN, *District Judge.*

   More than three years ago, a jury returned a verdict against defendant for $5 million for sexual abuse and defamation.  The judgment was appealed.  Defendant posted $5,550,000 with the Court to secure payment of the judgment plus interest pursuant to a stipulation and court order that stayed enforcement of the judgment pending appeal (the "Stipulation and Order").  In due course, the judgment was affirmed on appeal.  The Court of Appeals denied rehearing *en banc.*  And the Supreme Court, on June 29, 2026, denied without dissent defendant's petition for a writ of certiorari.  Plaintiff now has moved for disbursement of funds in the amount of the judgment plus post-judgment interest.  Defendant resisted, contending that payment must, or in any event should, be stayed against the possibility that the Supreme Court might change its mind, grant his petition for rehearing of his cert. petition, and grant certiorari.

2

Having considered carefully defendant's arguments, the Court by separate order has now directed that the money defendant owes plaintiff be disbursed to plaintiff. This memorandum briefly summarizes certain aspects of the Court's reasoning.

1. Paragraph 8 of the Stipulation and Order provides:

> "***After the latest of*** (a) the mandate issued by the Second Circuit in connection with the Appeal; (b) ***a denial of a timely filed petition for writ of certiorari to the Supreme Court (if any) in connection with the Appeal***; or (c) upon the Supreme Court's granting of certiorari, an order of the Supreme Court in connection with the Appeal, ***Plaintiff may collect any moneys owed by Defendant to Plaintiff under the terms of the Judgment, as may be modified on appeal or court order, from the amount deposited with the Court by Defendant, inclusive of any interest earned on such funds less any fees.***"[1]

Its plain language thus states that certiorari having been denied on June 29, 2026, plaintiff now is entitled to be paid from the amount deposited with the Court including the interest earned thereon over the past three years.

2. Defendant heavily relies on the claim that he has filed a petition for rehearing with respect to his petition for a writ of certiorari. It is wrong, in his view, to "treat[] the Supreme Court's denial of certiorari as the last word" while the rehearing petition is pending.[2] That is so, he says, because Subparagraph 8(b) is triggered only upon "the *final* denial of a petition for certiorari."[3] The short answer to that contention is that the word "final" does not appear in Subparagraph 8(b). Had the parties wished to agree that the judgment would be payable only upon the denial of any

---

[1] Emphasis added.

[2] Def.'s Opp'n (Dkt 240) at 4.

[3] *Id.* at 1 (emphasis added).

3

petition for rehearing of the denial of a petition for certiorari, they easily could have expressed that intention – either by inserting the word "final" or otherwise by addressing explicitly the consequences of the possibility of a rehearing petition being filed in the Supreme Court. Defendant in effect is asking the Court to redraft in his favor the contract to which he agreed.

Nor is it any surprise that Subparagraph 8(b) reads as it does and means just what plaintiff claims. That language and construction are fully consistent with the Supreme Court's rules and the common understanding at the bench and bar of rehearing petitions in the cert.-denied context.

Rule 16.3 of the Rules of the Supreme Court provides that "[t]he order of denial [of a petition for a writ of certiorari] will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." In other words, "the denial of certiorari is effective when issued, and it disposes of the case before the Supreme Court."[4] That is so notwithstanding the fact that a petition for rehearing of a denial of certiorari theoretically has been or might be filed and, if filed, granted.

It is worth noting also that the word "theoretically" in the last sentence warrants heavy emphasis. It is abundantly clear that applications for rehearing of denials of certiorari are permitted only in very narrow circumstances. Few are filed, and successful filings are extremely rare birds.[5]

---

[4]

> *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001); *accord Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015) (collecting cases and noting that "[a]ll eight circuit courts of appeals to have considered this issue have reached this same conclusion").

[5]

> *E.g.*, STEPHEN M. SHAPIRO, ET AL., SUPREME COURT PRACTICE §§ 15.5, 15.6.(B) (11th ed. 2019).

4

Finally, it bears mention that the Court's reading of the Stipulation and Order is consistent with the view of defendant's counsel until very recently. According to plaintiff's counsel:

> "Defendant's counsel contacted Carroll's undersigned counsel [shortly after the denial of certiorari on June 29, 2026,] to inquire whether Carroll would consent to a further stay of enforcement of the judgment in this action so that Defendant can ask the Supreme Court to reconsider its denial of certiorari in her case. Counsel for Carroll explained that Paragraph 8 of the Stipulation and Order provided for disbursement of the award owed to Carroll immediately upon denial of a petition for certiorari, and counsel for Defendant clarified that he was requesting that Carroll consent to a 'new stay or continuance' of execution."[6]

Defendant has not disputed this account. And that is significant.

Of course, if Subparagraph 8(b), and the Stipulation and Order more generally, meant what defendant now claims, there would have been no need for plaintiff to consent to a "further stay of enforcement" pending a possible request to the Supreme Court to reconsider its denial of certiorari. Defendant *on June 29, 2026*, thus seemed to have known that he was asking for plaintiff to consent to something to which she previously had not consented and to which defendant knew he did not have. Over a week later, defendant filed his opposition to plaintiff's motion to disburse funds taking this opposite position.

3.   Invoking Subparagraph 8(c), defendant argues also that while his "rehearing petition is pending," it remains possible for the Supreme Court to grant certiorari and issue an order in connection with his appeal.[7] In defendant's view, this means that this "Court [could not] conclude

---

[6]     Pl.'s Mot. (Dkt 233) at 4.

[7]     Def.'s Opp'n (Dkt 240) at 5.

5

that 'the latest of' the conditions enumerated in Paragraph 8 ha[d] occurred."[8]  This argument,

however, collapses into defendant's wrongheaded claim that his cert. petition before the Supreme

Court remains pending until the Supreme Court decides his petition for rehearing.  Yet defendant's

rehearing petition has "no effect on the finality of the denial of certiorari,"[9] and Subparagraph 8(b)

as a matter of plain text (and thus the parties' intent) still governs.

4.      Paragraph 10 of the Stipulation and Order in relevant part provides that "[i]f

the Judgment is reversed and set aside completely, then the sums originally deposited with the Court

by Defendant, together with any interest earned on such funds less any fees, shall be paid to

Defendant." Defendant argues that disbursing funds now would "wrongly moot[] out Paragraph 10"

and render the Stipulation and Order "internally inconsistent" because, in his view, "Paragraph 10

presumes the funds remain available with the Court for return to Defendant after the appellate

process is final."[10]  Defendant is correct to the extent that "Paragraphs 8 and 10 operate in tandem."[11]

But Paragraph 10 provides no independent basis for adopting defendant's misinterpretation of

Paragraph 8.  Paragraph 10 instead is premised on the "appellate process" playing out according to

one of the three paths provided for in Paragraph 8.  It has done so.  It has played out as provided for

in Subparagraph 8(b).

---

[8]      *Id.* at 6.

[9]      *Jennings v. Hagel*, 558 F. App'x 661, 662 (7th Cir. 2014); *accord Rosa*, 785 F.3d at 860.

[10]     Def.'s Opp'n (Dkt 240) at 7, 9.

[11]     *Id.* at 9.

6

**5.** Finally, disbursement of funds would not cause defendant irreparable harm. In the highly unlikely event that the Supreme Court were to (i) grant defendant's petition for rehearing, (ii) reverse itself and grant his previously denied cert. petition, and (iii) reverse the judgment in this case, defendant could bring suit to recover any funds erroneously disbursed.[12]

\*    \*    \*

In the last analysis, defendant has been stalling this case for years. A jury unanimously concluded that he sexually abused and defamed plaintiff and awarded her damages accordingly. The judgment on that verdict has been upheld on appeal. *En banc* rehearing has been denied. The Supreme Court has denied certiorari without dissent. It is time for him to "do equity" and pay the judgment.

SO ORDERED.

Dated:    July 8, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[12]    *See, e.g., Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219-20 (1891).